Packard *v.* Slack.

---

ERASTUS PACKARD *v.* LORENZO SLACK.

*Motion in arrest.    Damages.    Warranty.*

If a declaration in an action for the breach of a warranty in a sale allege both general and special damages, but do not allege the latter sufficiently to authorize their recovery, it will not be presumed after verdict, on a motion in arrest, that the jury included such special damages in their verdict.

In an action for a false warranty of the soundness of certain sheep sold by the defendant to the plaintiff, the declaration alleged special damages by reason of the communication of disease from the sheep sold, to other sheep

of the plaintiff. *Held,* that it was not necessary, in order to recover such special damages, to allege or prove that the defendant knew at the time of the warranty that the plaintiff intended to mingle the sheep purchased with his other sheep.

CASE for the alleged false warranty that a hundred sheep sold to the plaintiff by the defendant were sound. The declaration alleged that the sheep so sold became of no value by reason of being infected with disease at the time of sale, and also that in consequence of being so diseased they communicated the infection to other sheep of the plaintiff, which became of no value for that reason. The declaration contained no allegation that the defendant knew when he sold the sheep to the plaintiff, that the latter intended to mingle them with his other sheep.

The cause was tried by jury at the December term, 1858, and resulted in a verdict for the plaintiff for forty-one dollars and fifty cents and costs. To the usual form of the verdict the following clause was added by the jury : " This goes upon the ground of the damage to the sheep that were sold, and to the others."

The county court instructed the jury that the defendant was liable for the injury to the other sheep belonging to the plaintiff caused by the communication of the disease from those sold by the defendant, if the latter knew that they were bought to be put with other sheep, and the disease was not communicated through the plaintiff's negligence.

After verdict the defendant moved in arrest of judgment on account of the insufficiency of the declaration, but the court overruled the motion to which the defendant excepted.

*R. Lund* and *J. Converse* for the defendant.

*W. C. French* and *A. Tracy* for the plaintiff.

POLAND J.   If the plaintiff's declaration is defective, as the defendant insists, we think the defendant is not entitled to have the judgment arrested after a verdict upon it in favor of the plaintiff. The fraud, or deceit, or false warranty, set forth in the plaintiff's declaration, if proved, as it must be in order to entitle the plaintiff to a verdict at all, would entitle the plaintiff at least to recover for the diminished value of the sheep purchased of

him by the plaintiff. This loss or damage to the plaintiff is of the character termed in the books *general damages*, and need not be particularly alleged in the declaration, except as it arises from the statement of the defect or disease in the sheep, which was necessary to be stated in order to allege the fraud, or false warranty of the defendant. The damages occasioned by the communication of the disease to other sheep of the plaintiff are of the character termed in the books *special damages*, and could not be recovered unless specially alleged in the declaration.

The defendant concedes that if the plaintiff established the cause of action set forth in his declaration, as he must in order to recover at all, he would be entitled to recover something as *general* damages ; but he insists that the allegations in the declaration are not sufficient to entitle him to recover for the special damages claimed, because it is not averred in the declaration that the defendant *knew* when he sold the sheep to the plaintiff that the plaintiff intended to mingle them with other sheep, to whom those sold might communicate the disease with which they were affected.

Granting all this, the proper mode of reaching the difficulty is not by a motion in arrest. If the special damages are not of a character that the plaintiff is legally entitled to recover, either because they are too remote, or because they are not sufficiently set out in the declaration, it will not be intended after verdict that the plaintiff was allowed to recover them. If the plaintiff attempts to recover for such special damages at the trial, the proper mode of raising the question is to object to the admissibility of the evidence, or to the instructions to the jury, or both.

It has never been supposed that when under a declaration the plaintiff would be entitled to general damages, that such declaration was made defective even on demurrer by alleging special damages, even where they were confessedly such as the party could not recover. We are not aware of any case in which a declaration containing a single count has been held defective on a motion in arrest, when the same declaration would have been good on demurrer, and we think no such case can be found. Very many defects in declarations which would be bad on demurrer, are cured by verdict, and cannot be raised by a motion in arrest.

In a case where the plaintiff would not be entitled to recover at all, except by proving the special damage alleged, (like some actions of slander) and the damage alleged in the declaration was such as the party was not legally entitled to recover for, then the declaration would be bad either on demurrer or in motion in arrest after verdict. But we are all agreed that the declaration is not defective in the particular claimed, and that it was not necessary for the plaintiff to allege or to prove that the defendant knew he intended to mingle the sheep purchased with others who might thereby contract the contagious disease with which these were affected. The rule as to what damages can be recovered is laid down to be the *natural* and *proximate consequence* of the act complained of.

Now was this result, or consequence, a natural one, one that might reasonably and ordinarily be expected from selling a flock of sheep infected with a contagious disease? Everybody understands that these animals are commonly and usually kept in flocks or herds of considerable numbers, and often of very large numbers, that they are rarely if ever kept separate, that they are short lived, and far more subject to constant shift and change than any other species of domestic animals. If the plaintiff sustained some peculiar or special loss on account of this disease of the sheep, by his putting them to some new and unusual use, which the defendant could not reasonably have expected or anticipated would or might be done, then he would not be liable for such special damage unless he knew of such intended object or use to be made of them when the trade was made. But the placing these sheep with others was one of those natural and ordinary acts and modes of using such animals, that the defendant might reasonably expect it would or might be done, and that as he knew they had a contagious disease, they would thereby communicate it. He was therefore liable for such consequence or damage, though not expressly informed that such use was intended by the plaintiff.

The only error we discover is that the defendant had the benefit of instructions to the jury much more favorable than he was entitled to.

Judgment affirmed.