## GREER v. DICKEY ET AL.

PRACTICE IN THE SUPREME COURT: ABSTRACT.

*Appeal from Polk Circuit Court.*

MONDAY, APRIL 26.

ACTION IN CHANCERY. There was a decree dismissing plaintiff's petition; he now appeals to this court.

*L. G. Bannister,* for appellant.

*Wright, Gatch & Wright,* for appellees.

BECK, J.—I. In the petition and amended petition plaintiff alleges that he is the owner of certain lands, and that defendants claim the same under certain tax deeds, which are claimed to be insufficient to vest in defendants the title, and to cut off plaintiff's right of redemption, on account of want of compliance with the law in giving notice of the expiration of the time of redemption, etc. The relief asked is that plaintiff be allowed to redeem from the tax sales, and that the deed be set aside. The allegations of the petition are denied. The cause seems to have been tried upon its merits, and a decree was entered dismissing plaintiff's petition. The abstract upon which the cause is submitted to·us fails to show that it contains all the evidence upon which the case was tried in the court below. Defendants' counsel insist that we cannot, for this reason, try the cause anew. The counsel for plaintiff confesses the objection, but seeks to avoid it by amending his abstract. He files the following:

### "AMENDMENT TO ABSTRACT.

"In the abstract heretofore filed in this case, it does not appear that the case was tried at the August term of 1879, of the Polk County Circuit Court, State of Iowa, before the Hon. JOHN MITCHELL, Judge of the Circuit Court, 1st Circuit, 5th Judicial District, State of Iowa, and the testimony taken down by the short-hand reporter, C. A. Mosier, but such were the facts. The following is the certificate of the trial judge:

"JOHN L. GREER

v.

R. W. DICKEY and
GEO. W. SAVERY.

*In theCircuit Court of Polk county, Iowa, August term, 1879. No. 1001, Equity.*

"I hereby certify that the foregoing contains all the evidence which was introduced, and all the objections and rulings made and exceptions taken, on the trial of the above entitled case, and the same is hereby made part of the record in said case.

"Witness my hand, this 15th day of August, A. D. 1879.
(Signed)                                                  "JOHN MITCHELL,
*"Judge of the Circuit Court of Polk County, 5th Judicial District, Iowa."*

But this by no means cures the defect and supplies the omission in the abstract. It fails to show that we have before us, *in the abstract*, all the evidence. It shows that the judge certified to a paper which did contain all the evidence, but it does not show, and plaintiff makes no attempt to show, that the abstract presented to us is an abstract of all the evidence so certified. We have repeatedly held that cases thus presented cannot be tried here *de novo*. Our rules relating to this subject are simple and understood by all. They are necessary for the proper disposition of the business of the court, and we cannot enforce them in some cases and disregard them in others. Justice to litigants, and safety in the administration of the law, requires us to enforce them in all cases. We cannot, therefore, regard the case as triable *de novo*, upon the abstract before us.

II. The plaintiff assigns errors upon the record as presented in the abstract. We need not determine whether the case could be tried thereon were the abstract sufficient. The errors all relate to the sufficiency of the evidence to support the decree. Unless we have all the evidence before us, we cannot consider the objections thus raised.

The decree of the Circuit Court must be

AFFIRMED.