# GILRUTH v. ZIMMERMAN.

CONTRACT: EVIDENCE CONSIDERED.

*Appeal from Scott Circuit Court.*

THURSDAY, JUNE 10.

THE petition states, in substance, that if the plaintiff would use his influence and get the lands belonging to the estate of James Gilruth placed in defendant's hands for sale, the latter agreed to give the former one-half of all that was made by reason of the sale thereof. That plaintiff performed the contract on his part, and indicated to the defendant a person who would purchase said lands. That defendant sold the lands and made a profit thereon, but refused to account to the plaintiff for any portion thereof. There was a general denial; trial by jury; verdict and judgment for plaintiff. Defendant appeals.

*S. L. Glaspel,* for appellant.

*G. E. Hubbell,* for appellee.

SEEVERS, J.—The contract was not evidenced by a writing, and appellant insists the verdict is not supported by the evidence. The evidence of the plaintiff tended to sustain the contract as alleged in the petition. The evidence of the defendant and other witnesses tended to show that no such contract was entered into. If there was no other evidence it is doubtful whether we could set the verdict aside, because there was a conflict in the evidence only, and the jury and court below may have concluded the witnesses for the defendant, or some of them, were not worthy of belief. If they so concluded we should not feel justified, under the record, in disturbing their finding.

But sometime after the alleged contract was made the plaintiff with great particularity reduced what he claimed to be the contract to writing, and testified he read the same over to the defendant, and that the latter admitted it to be correct. The evidence of the plaintiff in this respect was corroborated by two other witnesses, and the only evidence contradictory thereto was that of the defendant. We think the preponderance was with the plaintiff, and that the verdict is fully supported thereby.

A single paragraph, or portion of the fourth instruction, was excepted to. The instruction is lengthy and for that reason is not set out. We deem it sufficient to say that we have read the instructions with care, and are of the opinion they are as favorable as the defendant was entitled to.

AFFIRMED.