## BOYLE v. MALLETT.

1. **Trial de novo in Supreme Court:** EVIDENCE WANTING. A trial *de novo* cannot be had where it is not shown by the abstract that the evidence was ever certified by the trial judge, and it is in no way made to appear that all the evidence is contained in the abstract.

*Appeal from Decatur Circuit Court.*

FRIDAY, DECEMBER 11.

PLAINTIFF brought this action in equity, to quiet in him the title to certain real estate. Defendant answers, denying plaintiff's claim, and in a cross-petition he asked that the conveyance under which plaintiff claimed to own the premises be canceled and set aside, and that his title to the property be quieted. The cause was sent to a referee, who heard the evidence, and reported that the equities of the case were with plaintiff. The circuit court approved the report, and entered judgment granting to plaintiff the relief demanded in his petition. Defendant appeals.

*S. H. Amos* and *Young & Parrish,* for appellant.

*S. A. Gates* and *Warren S. Dungan,* for appellee.

REED, J.—Counsel for appellant have argued certain questions of fact, which they claim arise under the evidence. We cannot consider these questions. It is not shown by the abstract that the evidence offered or introduced on the trial was ever certified by the judge of the circuit court, as is required by the statute; nor is it in any manner made to appear that all of the evidence is contained in the abstract. The cause cannot, therefore, be tried *de novo* in this court; and, as there is no assignment of errors, we cannot treat it as an ordinary action. The judgment must therefore be

AFFIRMED.