HUNTER v. THE CITY OF DES MOINES *et al.*

Appeal: EQUITY CASE: DEFECTIVE ABSTRACT: BILL OF EXCEPTIONS. In a cause triable *de novo* in this court, while a formal bill of exceptions is not required, it should appear that the evidence offered below was duly made a part of the record, and that the abstract presented here is full and correct, not only as to the evidence, but as to the whole record. And where appellant's abstract purported to be a full and correct abstract of the whole record, but appellee's abstract denied this statement, and averred that both abstracts together did not present a full and correct abstract of the record, and appellant, in an amended abstract, did not controvert the denial of the appellee, *held* that appellee's denial must stand, and that the cause could not be tried *de novo*.

. *Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, MARCH 12, 1888.

ACTION in equity. The district court rendered a decree in favor of plaintiff. The defendant, the city of Des Moines, appeals.

*Detrick & McMartin* and *Hugh Brennan*, for appellant.

*James M. & George E. McCaughan*, for appellee.

ROBINSON, J.—The plaintiff seeks to recover the amount of a promissory note, and asks the foreclosure of a mortgage on two lots in the city of Des Moines, given to secure the same. He also asks to have certain assessments made by appellant on the mortgaged property for sidewalk and sewer purposes set aside as void, or declared to be junior to the mortgage. The abstract purports to contain all the evidence offered on the trial, together with objections and rulings made and exceptions taken; but it does not claim that these matters

were made a part of the record.   Appellee filed an addi-
tional abstract, in which he denies that a bill of excep-
tions   was   ever   settled,   signed   or   filed   in   this  case;
denies that the abstract of appellant is a full and correct
abstract of the record,  and  denies that  the abstract of
appellant,  and  the  additional . abstract  of  appellee,
together,   present   a   full   and  correct   abstract   of  the
record.   Appellant filed an  amendment to  his abstract,
but does not in any manner  controvert the  statements
of the  additional abstract.   They must, therefore, be
taken  as  true.   *Kearney  v.  Ferguson*,  50  Iowa,  72;
*Burkhart  v.  Ball*,  59  Iowa,  630;  *Richardson v.  Hoyt*,
60 Iowa, 70;  *State v.  Tucker*, 68  Iowa, 51;  *Maxwell v.
La Brune*, 68  Iowa, 690.   This  action  is triable in this
court  *de  novo*.   A  formal  bill  of  exceptions  is  not
required, but it should appear that  the evidence offered
in the district court was duly made a part of the record,
and that the abstract submitted to us is full and correct,
not only  as to the evidence,  but as  to the entire record.
*Daniels  v.  Langdon*,  52  Iowa,  741;  *Greer  v.  Dickey*,
53 Iowa,  755;  *Gaylord v.  Taft*, 53  Iowa, 757;  *Hart v.
Jackson*,  57 Iowa,  76;  *Boyle v.  Mallett*, 67  Iowa,  516.
Since it is  not shown that we have a full and correct
abstract of what should  be of record,  the case cannot
be tried in this court.   It is, therefore,

                                                   AFFIRMED.