PATTERSONVILLE EDUCATIONAL INSTITUTE v. COAD.

1.  Appeal: EVIDENCE CERTIFIED BY JUDGE AFTER TERM EXPIRED. A judge has no authority, after his term of office has expired, to certify to this court the evidence in a case tried before him while in office.

2.  ———: EVIDENCE CERTIFIED BY SUCCESSOR OF TRIAL JUDGE: DEFECTIVE IDENTIFICATION. Whether the successor in office of the judge who tries a case may certify the evidence for the purposes of an appeal, *quaere;* but, at all events, the certificate so made in this case must be disregarded, because it is not entitled as in any case, and does not purport to be attached to the evidence, nor to identify it in any way.

*Appeal from Sioux Circuit Court.*—HON. D. D. McCALLUM, Judge.

FILED, SEPTEMBER 5, 1888.

ACTION in equity to enforce the specific performance of a contract by which it is claimed that defendant was bound to execute a promissory note to plaintiff. There was a decree for defendant, and plaintiff appeals.

*Struble, Rishel & Hart,* for appellant.

*Bell & Palmer,* for appellee.

ROTHROCK, J.—Appellee insists that appellant cannot have a trial of the cause in this court, because the evidence upon which the trial was had in

1. APPEAL: evidence certified by judge after term expired.

the court below has not been made of record. It appears that the cause was tried before Hon. D. D. McCallum, judge of the circuit court. The decision of the cause was made on the thirty-first day of December, 1886. The term of said judge expired January 1, 1887. He made the certificate as to the evidence required by section 2742 of the Code on the thirtieth day of April, 1887. It is evident that this certificate must be disregarded. *Cross v. Burlington & S. W. Ry. Co.,* 58 Iowa, 62.

Appellant's abstract contains a certificate made by Hon. Scott M. Ladd, the successor in office of the trial judge. This certificate was made April 30,

2. ———: evidence certified by successor of trial judge: defective identification.

1887. Section 2742 of the Code requires that the certificate shall be made by the judge. This would seem to contemplate that the certificate must be made by the judge who tried the case. But, whether this be so or not, the certificate now under consideration is insufficient, in that it is not entitled as in any case, and does not purport to be attached to the evidence, nor to identify it in any way. We do not hold that a judge cannot in any case certify to the evidence in a cause tried by his predecessor in office. It is not necessary to so hold in this case, because, so far as appears, the certificate under consideration may just as properly be held to apply to one case as another. The cause was submitted in the court below

three months before it was decided and taken under advisement. If counsel for appellant had taken the precaution to have the certificate of the trial judge attached to the short-hand notes, and then had the transcript made and properly certified by the short-hand reporter within six months from the date of the decree, this would have been sufficient. *Merrill v. Bowe*, 69 Iowa, 653. A transcript of the short-hand notes was filed, but the certificate thereto is insufficient and defective. Even if it were complete and in due form, it would be no ground for dispensing with the certificate of the judge, because the statute positively requires that the judge shall certify the evidence. We think that the motion to strike out what purports to be the evidence must be sustained and that the decree must be

AFFIRMED.