## JOY v. BITZER.

| 77 | 73 |
| 81 | 640 |
| 77 | 73 |
| 89 | 403 |
| 77 | 73 |
| 105 | 512 |
| 77 | 73 |
| 111 | 219 |
| 77 | 73 |
| f120 | 635 |
| 123 | 115 |
| 77 | 73 |
| 127 | 700 |

1. **Appeal:** DENIAL OF APPELLEE'S ADDITIONAL ABSTRACT : WHAT AMOUNTS TO. Appellee filed an additional abstract denying many statements in appellant's abstract, and then claimed that his additional abstract must be taken as true, because not denied by appellant. But appellant filed a separate paper called a "statement," in which he stated that, because his abstract was denied so persistently and repeatedly by appellee, he had caused a transcript to be filed, and demanded that the costs of the transcript be taxed to appellee, and attached an index to the transcript, "by the aid of which," he stated, "all the material facts and points for the verification of the abstract can be readily found in the transcript." *Held* that this was by implication a re-affirmance of the correctness of his abstract, and required the court to resort to the transcript to determine the questions raised as to the contents of the record.

2. **Bill of Exceptions :** SKELETON : EVIDENCE TO BE INSERTED MUST BE CLEARLY IDENTIFIED. A skeleton bill of exceptions in this case directed the clerk to insert the evidence as shown by the translation of the short-hand reporter's notes on file in the case. The translation which the clerk inserted in no way showed, by caption or certificate, to what cause it belonged, but, after the paper had been folded for filing, the title of this case was written on the back, in a hand which was neither that of the reporter nor of the clerk. *Held* that this was not sufficiently identified to authorize the clerk to insert it, and that the evidence should be stricken from the record in this court.

Joy v. Bitzer.

3. **Pleading:** TWO CAUSES IN ONE COUNT : NO OBJECTION : PRACTICE. Where two causes of action are pleaded in one count, but defendant makes no objection, the court may properly submit them both to the jury.

4. **Warranty:** OF SOUNDNESS OF ANIMALS SOLD: BREACH: CONTAGIOUS DISEASES : DAMAGES. If animals sold are warranted by the vendor to be sound and free from disease in general, and are not so in fact, but are affected with a contagious disease, the warrantor is liable not only for the difference between the warranted and actual value of the animals, but for the loss occasioned, without fault on the part of the purchaser, by the communication of the disease to other stock with which the diseased animals are properly placed in the ordinary course of business, and also for such other damages and expenses as are the direct and natural result of the breach of the warranty; and it is not material that the warrantor does not know that the warranty is false, nor that it does not specify any kind or class of diseases. (See opinion for authorities.) [REED, C. J. dissenting.]

5. **Special Interrogatories:** ERROR IN REFUSING: CURED BY OTHER FINDINGS. There is no prejudice from refusing special interrogatories asked, when the information sought to be elicited thereby is substantially given in special findings on other interrogatories submitted.

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

FILED, JANUARY 30, 1889.

ACTION to recover damages alleged to be due by reason of fraud and breach of warranty in the sale of ponies. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*J. Carskaddan,* for appellant.

*E. W. Tatlock, Jayne & Hoffman,* and *Cloud & Doran,* for appellee.

ROBINSON, J.—The petition contains two counts. In the first it is alleged, in substance, that plaintiff purchased of defendant twenty-three ponies and one colt, for the stipulated price of five hundred and twenty-three dollars; that said ponies and colt were represented and warranted to be sound and free from contagious and

infectious diseases, and that plaintiff relied upon said representations and warranty in making the purchase ; that in fact said animals were diseased with a contagious and infectious disease, from which fifteen of them died; that said disease was communicated to other stock of plaintiff, from the effects of which one horse and one pony died; that it was communicated to members of the family of plaintiff; that by reason of said disease plaintiff was put to extraordinary trouble and expense in the treatment of the ponies, and for extra feed; that plaintiff lost the consideration paid for said ponies by reason of said disease, and in addition has suffered loss and damage to his property, including stock, and to his family, in the sum of eight hundred and twenty-five dollars ; that the representations concerning the ponies were false and fraudulent, and were made by defendant for the purpose of cheating and defrauding plaintiff. The second count charges the sale of two ponies to one George M. Benson for the sum of eighty dollars, with similar representation and warranty, followed by results of a like character, to the damage of Benson in the sum of nine hundred and ten dollars; that plaintiff is the owner of the claim of Benson. Judgment is demanded on the two counts for twenty-five hundred dollars, with interest and costs. The jury returned a verdict in favor of plaintiff for seven hundred dollars, on which judgment was rendered.

I. Appellee filed an additional abstract of the record, in which he denies that the evidence, and rulings on the admission of evidence, were properly preserved and made a part of the record, and denies various allegations of the abstract ; and avers that there is no record

1. APPEAL: denial of appellee's additional abstract: what amounts to.

of any exception taken by defendant, or ruling of the court thereon. The additional abstract also asks the attention of the court to the transcript of the record on file. Appellee contends that his additional abstract has not been denied, and that it must therefore be taken as admitted. See *Hunter v. City of Des Moines*, 74 Iowa, 215 ; *Ferris v. Anderson*, 72 Iowa, 420 ; *Armstrong v.*

*Killen*, 70 Iowa, 52. The appellant has not, in terms, denied the additional abstract, but he has filed the following "statement:" "The correctness of appellant's abstract of the record in this action is denied so persistently and repeatedly by counsel for appellee, that the appellant has caused a full transcript of the record of the cause in the district court to be made and certified by the clerk of the court, and filed in this court." This is followed by a demand that the costs of the transcript be taxed to appellee, and a reference to an attached index of the transcript and abstract, "by the aid of which all material facts and points for the verification of the abstract can be readily found in the transcript." These statements are not found in connection with an argument, but are included in a separate paper. It is clear that the contents of the paper, taken together, should be given the effect of a denial of the additional abstract. The correctness of the abstract is reaffirmed by necessary implication. We are therefore required to examine the transcript to determine questions raised as to the contents of the record.

II. Appellee has filed a motion to strike from the abstract so much thereof as is claimed to be the evidence in the case, on the ground that it was not properly preserved, identified, and made a part of the record, and asks that the original papers from which the abstract was made be examined. We have caused the clerk of the district court to transmit to this court the short-hand reporter's translation of evidence, which was copied in the transcript of the record now on file. It appears from the evidence now before us that the bill of exceptions signed by the judge was what is known as a "skeleton bill." It contains the following : "The plaintiff, to sustain the issues on his behalf, introduced the following evidence, as shown by the notes of the official court reporter now on file in this cause, and the said reporter's transcript and extension thereof, duly certified as such transcript. (The clerk will here insert said official certified transcript of said evidence.)" It

*Marginal note:* 2. BILL of exceptions: skeleton: Evidence to be inserted must be clearly identified.

also contains substantially the same averments in regard to the evidence introduced by defendant, and by plaintiff in rebuttal. The translation, certified to us as the one which was copied in the transcript, does not show the cause in which the evidence was given. It commences with the name of a witness, and closes with a certificate of the short-hand reporter, as follows : "*State of Iowa, Muscatine Co.* I [name], reporter of the district court of Iowa in and for Muscatine county, hereby certify the foregoing to be a full, true, and complete transcript of the testimony in said cause, from my short-hand notes thereof on file, made according to the best of my ability. [Signed.]" This certificate was written on the inside of the last leaf of the translation. On the outside was indorsed the following. "*In District Court.* Joseph E. Joy *vs.* Henry Bitzer. Transcript of Evidence by Official Reporter." This was written in short lines across the ruled ones, in the manner usually adopted for marking folded legal papers, but was not in the hand-writing of the short-hand reporter, and does not appear to have been referred to in the certificate. It is evidently no part of the translation, and cannot be regarded as identifying it. It was said in *Hill v. Holloway,* 52 Iowa, 678, that "the testimony should be so immediately identified as to render it certain what is to be incorporated into the transcript, and become a part of the record, without leaving anything to the determination of the clerk or the parties." That rule has been approved in numerous cases decided by this court. The clerk cannot be permitted to exercise a discretion as to what evidence should be included in the transcript. In this case the direction contained in the bill of exceptions would have been sufficient had the translation shown by a proper caption, or by a statement in the reporter's certificate, that it contained the evidence given in this case. But the only showing of identity is contained in the indorsement which we have set out. That was made after the translation was completed, and is not in the handwriting of the reporter, nor even of the

clerk. In our opinion, the translation was not identified, and the motion to strike out the evidence must be sustained. *Patterson Ed. Institute v. Coad*, 74 Iowa, 710.

III. Each count alleged a cause of action founded upon fraud, and also one based upon a breach of warranty.

3. PLEADING: two causes in one count: no objection: practice.

The district court ruled that plaintiff would be entitled to recover upon proof of either of these causes of action. It may be conceded that the petition was vulnerable to objection on the ground that two causes of action were set out in each count, but the defendant failed to make the objection. The court, therefore, properly submitted to the jury both causes of action in each count.

IV. The court charged the jury as follows: "If you shall determine that the plaintiff is entitled to recover, either for breach of warranty or

4. WARRANTY: of soundness of animals sold : breach: contagious diseases : damages.

for fraud, you will finally have to determine the amount of his damages, the rules in regard to which, in my judgment, are the same in either case, whether of warranty or fraud." "The ordinary and matter-of-course rule of damage in such a case is that the plaintiff is entitled to recover the difference between the actual value of the property in the condition in which it was when sold and what it would have been worth if the warranty or false representation had been true." The court also charged the jury that there are "other kinds of special or extraordinary damages, sometimes flowing from such a breach of warranty or fraud, which the party injured may recover in addition, provided he shows himself to have in fact sustained them, and they appear to have been the natural and reasonable consequence of the defendant's wrong or breach of contract. Several such kinds of damage are claimed by the plaintiff in this case, and as set forth in his petition." Other portions of the charge were designed to aid the jury in determining the amount of the special damages, if any, which they might allow. The jury found specially that the sales in question were

made with a warranty that the animals sold were sound and free from disease, as alleged by plaintiff, and that the warranty was broken.   The appellant contends that the court erred in stating the rule as to measure of damages in cases of warranty; that, if there was a warranty, the evidence shows that it was a general warranty; that no specific disease or ailment was mentioned by the parties, unless something was said of "surfeit," and that, under a general warranty, the limit of recovery is the difference in value between the article sold as it actually was and what it would have been had it been as warranted, and that the rule given by the court applies only in cases involving fraud.  · The petition alleges that the animals sold to plaintiff were warranted to be sound, and free from any contagious or infectious disease, and that those sold to Benson . were warranted to be free from disease, sound, and in good, healthful condition. The jury found that these allegations were true, and since the evidence is not before us, we must presume that it sustains the findings of the jury.

It is true that, as a general rule, the measure of damages in an action brought for a breach of warranty is substantially as claimed by counsel for appellant.   1 Sedg. Dam. 290.   But it is well settled that in some cases the aggrieved party may recover such additional sum as is necessary to compensate him for the direct and natural consequences of the injury.   *Id.* 76, 291. "If animals sold are warranted sound, and are not so, but have an infectious or contagious disease, which they communicate to others, where the parties contemplate their being placed with other stock, the loss, not only in respect to the animals purchased, but to others to which the warranted animals communicate the disease, may be recovered, as well as the expense of taking care of and doctoring them."   2 Suth. Dam. 435.   See, also, ·Oliph. Horses, 211 ; *Pinney v. Andrus*, 41 Vt. 640 ; *Marsh v. Webber*, 16 Minn. 419, (Gil. 375 ); *Smith v. Green*, 45 Law J. C. P. 28 ; *Bradley v. Rea*, 14 Allen, 20 ; *Packard v. Slack*, 32 Vt. 10.   The same rule applies in

cases of sales effected by means of fraud. *Jeffrey v. Bigelow*, 13 Wend. 523; *Faris v. Lewis*, 2 B. Mon. 375; *Brown v. Woods*, 3 Cold. 185; *Rose v. Wallace*, 11 Ind. 113; *Wintz v. Morrison*, 17 Tex. 374; *Wheeler v. Randall*, 48 Ill. 182; *Parker v. Marquis*, 64 Mo. 38. The doctrine that the measure of damages is the same in cases of breach of warranty and of fraud is indicated in the following cases: *Page v. Parker*, 43 N. H. 371; *Bradley v. Rea*, 14 Allen, 20; *Sherrod v. Langdon*, 21 Iowa, 519; *Likes v. Baer*, 8 Iowa, 370. See, also, Sedg. Dam. 295, note *c;* Oliph. Horses, 211. It has been held that the right of recovery does not depend upon knowledge on the part of the seller, at the time of the sale, that the purchaser designs to place the stock purchased with other animals. *Sherrod v. Langdon, supra; Packard v. Slack*, 32 Vt. 12. So far as we can determine the facts of the case from the record, the portions of the charge under consideration were correct. The warrantor of animals sold should be held liable on his covenants for all the direct and natural consequences of their breach. If the animals are warranted to be sound and free from disease, and are not so in fact, the warrantor should be held liable for the loss occasioned without fault on the part of the purchaser, by the communication of the disease to other stock with which the diseased animals are properly placed, in the ordinary course of business, and also for such other damages and expenses as are the direct and natural result of the breach of warranty. In our opinion, it is not material that the seller does not know that his warranty is false, nor that it does not specify any kind or class of diseases. A warranty that an animal is sound and free from disease is necessarily a warranty against diseases of all kinds.

V. Appellant complains of the refusal of the court to submit to the jury certain special interrogatories asked on his behalf. In answer to this complaint, it is only necessary to say that the information sought by the interrogatories refused was substantially given

5. SPECIAL interrogatories : error in refusing: cured by other findings.

in special findings returned by the jury on interrogatories submitted by the court; hence no prejudice could have resulted from the refusal.

VI.  Numerous questions are discussed by counsel which cannot be determined without reference to the evidence.  Since that is not before us, such questions must be disregarded.  We have examined all objections not already noted, but find no error of the court prejudicial to appellant.  The judgment of the district court is                                           AFFIRMED.

REED, C. J., (*dissenting*.)—I dissent from the holding of the majority in the fourth paragraph of the foregoing opinion.  If the case rested alone on the first count of the petition, I would be satisfied with the result reached.  That count alleges the breach of a warranty against contagious diseases, and, as the evidence is not before us, we must presume that as to that allegation the instruction was adapted to the proof before the jury.  I agree that where the vendor of domestic animals warrants them free from infectious or contagious diseases, he is liable, in case of a breach, for the injury which is occasioned by the communication of the disease to other animals with which those sold were commingled.  But the opinion of the majority goes much further than that.  The second count alleges the breach of a general warranty of soundness, and the holding is that the vendor is liable under such a warranty for the injury occasioned to other animals by the communication to them of the disease with which those sold were infected, as well as for the difference between the actual and warranted value of the animals.  I do not agree to that.  The action is on the contract.  In case of the breach of a contract, the liability of the covenantor is to be determined with reference to those matters which the parties are presumed to have had in mind when they entered into the agreement.  That this is the general rule on the subject will not be denied.  When the vendor in the sale of domestic animals warrants them free from infectious diseases, the injury

resulting from the communication of such diseases to other animals is a matter within the contemplation of the parties. In case of the breach of such warranty, the vendor is liable for an injury of that kind, because it is the very injury against which he warranted. But a mere general warranty of soundness is different. Such a warranty relates simply to the property which is the subject of the sale. By it the covenantor undertakes simply that the property is of a certain quality, and that he will answer, in case it proves otherwise, for the difference between its actual value and what that value would have been if it had been as warranted. The consequential damage resulting from the communication of diseases to other animals is not covered by the terms of the agreement. The vendor does not by his agreement undertake to answer for such an injury, nor does the vendee contract for indemnity against it. It is not a matter within the contemplation of the parties when they enter into the agreeement. Some of the authorities cited in the opinion appear to sustain the view of the majority, but in my judgment they violate elementary principles of the law. Others, it appears to me, are not in point.