SARAH A. CUMMINS *vs* JAMES H. ENNIS.

*Trespass on the Case— Warranty—No particular words necessary— What plaintiff must prove—Soundness of cattle— What constitutes unsoundness— Contagious disease—Knowledge of defendant— Caveat emptor—Breach of Warranty—Measure of damages.*

1. To enable the plaintiff to recover in an action for a breach of warranty, he must show to the satisfaction of the jury : (1) That there was a contract of warranty. (2) The breach of that warranty. (3) The damages sustained from such breach.

2. To constitute an express warranty, the word "warrant" need not be used, nor are any particular words necessary. Whatever representations are made by the seller at the time of the sale, as to the quality of the article, is an express warranty. But it must appear that the warranty was given by the defendant to the plaintiff either

before or at the time of the sale, and that the plaintiff relied upon the representation made by the defendant.

3.   Where there is a warranty of the soundness of a cow, any disease, infirmity or defect which impairs the usefulness or value of the cow, which was not openly and palpably visible, and which is discoverable only by persons of skill and judgment in regard to the quality of cattle, would constitute unsoundness.   If at the time of the sale the cow was affected with tuberculosis, a contagious disease, such disease would be unsoundness and constitute a breach of the warranty, and would make the defendant liable, whether he knew of such disease or defect or not.   He took that risk in making such a contract of unqualified warranty ; and the doctrine of *caveat emptor* would not apply.

4.   The measure of damages would be the difference between the value of the cow in her diseased or defective condition, and her value if she had been sound as represented by the defendant at the time of the sale.   If the cow had tuberculosis, and other cattle of the plaintiff were infected with that disease by and from her, and from no other source, and thereby injured, the amount of the damage would be increased by whatever loss the plaintiff may have suffered from such infection of other cattle, together with the reasonable and proper costs and expenses incurred in caring for and doctoring such sick cattle.

(*November 5, 1903.*)

Lore, C. J., and Grubb and Pennewill, J. J., sitting.

*Henry Ridgely, Jr.,* and *W. Watson Harrington* for plaintiff.

*Richard R. Kenney* and *Arley B. McGee* for defendant.

Superior Court, Kent County, October Term, 1903.

Action of Trespass on the case (No.      , April Term, 1903).

The facts appear in the charge of the Court.

Lore, C. J., charging the jury :

Gentlemen of the jury:—The plaintiff Sarah A. Cummins, claims that in July, 1901, she exchanged a cow belonging to her for a cow belonging to James H. Ennis, the defendant.   That at

the time of the exchange, and as a consideration thereof, Ennis waranted the cow to be sound and in good condition. That at that time the cow was not sound, but was affected with tuberculosis, a contagious disease, from which disease that cow died a short time thereafter. That three other cows and one heifer, belonging to the plaintiff, contracted tuberculosis from the cow so exchanged and became sick and of no value, and that she was put to great expense in doctoring and caring for the cattle so sick. For all of which she seeks compensation in this suit.

This is an action on the case for a breach of warranty of soundness in the cow so exchanged.

To enable the plaintiff to recover, she must show to your satisfaction:

(1) That there was a contract of warranty.

(2) The breach of that warranty.

(3) The damages sustained from such breach.

1. The plaintiff must prove an express warranty; viz, that the defendant expressly stated that the cow was sound, or represented her so to be. To constitute an express warranty, the word "warrant" need not be used, nor are any particular words necessary. (*75 Cal., 558*). Whatever representations are made by the seller at the time of the sale, as to the quality of the article is an express warranty. But it must appear to the jury that the warranty was given by the defendant to the plaintiff either before or at the time of the sale. If before or at the time of the exchange in this case, you believe from the evidence that Ennis represented the cow to be sound, and so stated to the plaintiff, upon which statement she relied in such exchange; we say to you that in law such representation would constitute an express warranty. (*Burton vs. Young, 5 Harr., 233*).

2. If you are satisfied that the plaintiff has proved the contract of warranty, she must next show the breach of it. That is, she must show that at the time of the exchange the Ennis cow was unsound. Any disease, infirmity or defect which impaired the usefulness or value of the cow, which was not openly and palpably visible, and which was discoverable only by persons of skill and judgment in regard to the quality of cows, would constitute unsoundness. Therefore if you believe from the evidence that at the time of such exchange the cow was affected with tuberculosis, a contagious disease, such disease would be unsoundness and constitute a breach of the warranty and would make the defendant liable, whether he knew of such disease or defect or not. He took that risk in making such a contract of unqualified warranty. The doctrine of *caveat emptor* does not apply to this case.

3. If the warranty and the breach thereof have been so proved, the plaintiff must then prove the damages sustained. In this case under the issues made by the pleadings, the plaintiff claims damage for the loss of the Ennis cow, and of three other cows and a heifer of her own herd, and for expense incurred in caring for and doctoring all of them. If you are satisfied from the evidence, therefore, that the Ennis cow was warranted to be sound, and that at the time of the exchange she was then unsound, whether Ennis knew of such unsoundness or not, he is bound by his warranty. The measure of damages as to that cow, would be the difference between her value in her diseased or defective condition and her value if she had been sound as represented by the defendant at the time of the exchange. · If you further believe that at the time of the sale the Ennis cow had tuberculosis, a contagious disease, and that other cows of the plaintiff were infected with that disease by and from her and from no other source, and thereby injured ; you should increase the amount of the damage by whatever loss the plaintiff may have suffered from such infection of other of her cattle as disclosed by the evidence ; together with the reasonable and proper

costs and expenses incurred by the plaintiff in caring for and doctoring such sick cattle.

Such seems to be the prevailing measure of damages in cases like this, whether the action be for a breach of the contract or for fraud.

*Faris vs. Lewis, 2 B. Mon., 375 ; Bradley vs. Rea, 14 Allen, 20 ; Jeffrey vs. Bigelow, 13 Wend., 518; Joy vs. Bitier, 77 Iowa, 73 ; Long vs. Clapp, 15 Neb., 417 ; Sedgwick on Damages, Sec. 769 ; Suth. on Damages, Sec. 675.*

Verdict for plaintiff for $75.