## STIEFEL ET AL. *v.* WITHERSPOON.

. [No. 10,058. Filed October 6, 1919.]

1. SALES.—*Sale of Cattle.—Breach of Warranty.—Measure of Damages.*—Where a seller of cattle warranted them to be sound and free from disease and the animals developed illness after the buyer had placed them with his own herd, the measure of damages in a suit for a breach of warranty, where the seller had reason to know that the purchaser intended to mingle them with other cattle owned by him, is the difference between the value of the diseased cattle and 'what the value would have been at the time of sale had they been as warranted, together with the loss suffered by the purchaser from the infection of other cattle, and other reasonable expenses incurred in caring for and doctoring such cattle. p. 197.

2. SALES.—*Sale of Cattle.—Breach of Warranty.—Action.—Necessity of Alleging Special Damages.*—Where a seller warranted cattle to be free from disease, and after sale they developed an infection which was communicated to the buyer's herd with which they were mingled, the complaint in an action by the buyer for breach of the warranty need not particularly aver general damages, but special damages, such as those occasioned by communication of the disease to the buyer's herd, must be specially pleaded. p. 198.

From Knox Circuit Court; *Sherman G. Davenport,* Special Judge.

Action by James P. Witherspoon against Willis G. Stiefel and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Thomas M. McDonald, Morton C. Embree* and *Lucius C. Embree,* for appellants.

*LeRoy M. Wade, Arnold J. Padgett* and *Sanford Trippet,* for appellee.

McMahan, J.—This is an action instituted by the appellee against appellants to recover damages alleged to have been suffered by reason of a breach of warranty in the sale of certain cattle alleged to have been diseased. The cause was tried by the court. There was a special finding of facts and conclusions of law.

The facts as found are in substance that on and prior to October 14, 1915, appellants were partners engaged in buying and selling stock; that on said date they sold seven head of yearling steers to appellee, and warranted them to be sound and free from all diseases except slight colds due to shipment. Appellee relied on said warranty and paid appellants $266.47 for the steers, which were of equal size and value, and, if they had been sound as warranted, would have been worth said sum.

On October 21, 1915, the appellants sold appellee nine yearling heifers, and warranted them to be sound and free from disease except a slight cold due to shipping; that appellee relied upon said warranty and purchased said heifers, paying therefor $272.22, the heifers being of equal size and value, and, if they had been sound and free from disease as warranted, would have been worth $272.22. At the time appellee

purchased said steers and heifers, he owned a farm and herd of twenty head of good marketable cattle, which were all healthy and free from disease, and then worth $650; that the appellee, believing said steers and heifers were free from contagious and infectious disease, turned said steers and heifers into the pasture with his twenty head of healthy cattle, where the same intermingled and were fed together. At the time when appellants sold said cattle to appellee, some of the steers and some of the heifers were affected with a contagious disease known as "hemorrhagic septicemia." On October 25, 1915, one of the heifers died, on appellee's farm, of said disease. Appellants paid appellee $30.20 on account of the loss of said heifer. On October 28 another one of the heifers died of said disease; that if said heifer had been sound and healthy as warranted, it would have been worth $30.24. One of the steers died of said disease October 20. If it had been sound and healthy as warranted, it would have been worth $38.07. One of the heifers died July 9, 1916, the cause of her death not being shown by the evidence; that each of said cattle so purchased from appellants by appellee either had said disease at the time of the purchase, or contracted said disease from contact with the other cattle so purchased; that the said steers which did not die, having become infected with said disease, were at the time of said purchase worth only $114.21; that appellee paid appellants $228.42 for said steers which did not die; that said heifers so purchased from appellants, and which did not die of said disease, were at the time of the purchase, on

account of being affected with said disease, worth only $105.84; that appellee paid appellants $211.68 for said heifers which did not die; that, because of the mingling of said purchased cattle so affected with said contagious disease with appellee's herd then on his farm, the entire herd became infected with said disease; that appellee, in an effort to cure said disease, employed a veterinary surgeon to treat said cattle, and spent extra time and labor both by himself and hired help in looking after and caring for said cattle; that, by reason of plaintiff's herd of twenty cattle having contracted said disease, they depreciated in value from the sum of $650 to $325, said sum being their respective values before and after being infected with said disease.

By the sixth conclusion of law the court stated that the appellee was entitled to recover from appellants $613.36 as damages arising from and growing out of said breaches of warranty. The seventh conclusion is to the same effect. The other conclusions of law are nothing more than conclusions of fact, and were fully stated and covered by the special finding of facts, and require no further consideration.

The errors assigned are: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in each of its conclusions of law; and (3) that the court erred in overruling the motion for a new trial. The only errors assigned that require any consideration are those challenging the correctness of the conclusions of law, and the action of the court in overruling the motion for a new trial. The gist of appellant's contentions is that the damages assessed and fixed by the court are not such as the law authorizes in cases of this

kind. Appellants claim that the measure of damages in cases of this kind is the difference between the value of the cattle in their diseased condition and their value if they had been as warranted; that the complaint does not allege facts, and that no facts are found authorizing the conclusion that damages should be allowed on account of the steers and heifers that were not sick at the time of the purchase, or for damages to appellee's herd of twenty cattle.

Appellants argue that the probability of the herd of twenty cattle being infected was not referred to in the sale of the steers and heifers, that the damage to the herd was not such as naturally arises in the usual course of things, and that the possibility of infecting the herd was not referred to in connection with the sale and warranty.

The gist of the first paragraph of the complaint is that the appellant sold appellee the seven steers, and warranted them to be sound and free from disease; that appellee, relying upon said warranty, purchased them; that said steers, when purchased by appellee, were not sound and free from disease, but were unsound and sick with a contagious disease from which one of them died two weeks later; that the remainder were, by reason of the diseased condition, worthless; that appellee at the time of said purchase was the owner of a herd of cattle which were sound in health and free from disease, and which he was pasturing on his farm, which appellants then knew; that appellee informed appellants at the time of said purchase that he expected and intended to turn said steers in with said other cattle, and that he had no other suitable place for them, all of which was known to appellants when they sold the steers to appellee;

that appellee, not knowing that the steers were infected with a contagious disease, and relying upon the representations and warranty of appellants, intermingled the steers with his herd of well cattle, and that the said herd contracted said disease from contact and association with said sick steers, and by reason thereof became seriously sick, diseased and valueless. The second paragraph is the same as the first, except that it alleges a sale by appellants to appellee a few days later of seven head of yearling heifers. A supplemental complaint was afterwards filed alleging that, by reason of the sick and diseased condition of said steers and heifers, two of said heifers bought of appellants sickened and died; that another one had aborted and lost her calf; that several of the cows in his original herd lost their calves; and that said remaining steers and heifers and his original herd of said cattle were and still remained sick with said disease and valueless.

Appellants' contentions are mainly based upon the idea that the measure of damages in a case of this kind is the difference between the amount paid for the cattle, and what their value would have been, if they had been in the condition as warranted. We cannot agree with appellant in this contention. The measure of damages in a suit for a breach of warranty in the sale of cattle infected with a contagious disease, where the seller has reason to know the purchaser intends to mingle them with other cattle owned by him, is the difference between the value of the diseased cattle, and what the value would have been at the time of sale, had they been as warranted, together with the loss suffered by the purchaser from the infection of other cattle, and

reasonable expenses incurred in caring for and doctoring such cattle. *Rose* v. *Wallace* (1858), 11 Ind. 112; *Mitchell* v. *Pinckney* (1905), 127 Iowa 696, 104 N. W. 286; *Joy* v. *Bitzer* (1889), 77 Iowa 73, 41 N. W. 575, 3 L. R. A. 184; *Snowden* v. *Waterman & Co.* (1898), 105 Ga. 384, 31 S. E. 110; *Cummins* v. *Ennis* (1903), 4 Pennewill (Del.) 424, 56 Atl. 377; *Bradley* v. *Rea* (1867), 14 Allen (Mass.) 20; *Marsh* v. *Webber* (1871), 16 Minn. 418 (Gil. 375).

In actions of this character, general damages need not be particularly alleged in the complaint, except as they arise from the statement of the defect or disease which must necessarily be stated in order to allege breach of warranty. Damages occasioned by the communication of the disease to other cattle of appellee are of the character known as special damages, and cannot be recovered unless specially pleaded. The Supreme Court of Vermont in *Packard* v. *Slack* (1859), 32 Vt. 9, in speaking of a breach of warranty in the sale of sheep, said: "It was not necessary for the plaintiff to allege or to prove that the defendant knew he intended to mingle the sheep purchased with others who might thereby contract the contagious disease with which these were affected. The rule as to what damages can be recovered is laid down to be the *natural and proximate consequence* of the act complained of. * * * The placing of these sheep with others was one of those natural and ordinary acts and modes of using such animals, that the defendant might reasonably expect it would or might be done, and that as he knew they had a contagious disease, they would thereby communicate it. He was therefore liable for such con-

sequence or damage, though not expressly informed that such use was intended by the plaintiff.''

In *Joy* v. *Bitzer, supra,* it was said: " 'If animals sold are warranted sound, and are not so, but have an infectious or contagious disease, which they communicate to others, where the parties contemplate their being placed with other stock, the loss, not only in respect to the animals purchased, but to others to which the warranted animals communicate the disease, may be recovered, as well as the expense of taking care of, and doctoring them.' ''

We have examined all of the evidence introduced, and are satisfied that the decision of the court is amply sustained by the evidence. We find no reversible error in the record. Judgment affirmed.