(114 So. 418)

**VANN et al. v. McCORD.** (4 Div. 253.)

Court of Appeals of Alabama. Nov. 8, 1927.

Oscar S. Lewis, of Dothan, for appellants.

T. E. Buntin, of Dothan, for appellee.

SAMFORD, J. The cause was tried on counts 1, 7, 8, 9, and 10. Counts 1, 8, and 9 claimed as for a breach of warranty in the sale of 24 hogs, and counts 7 and 8 were a claim for deceit in the sale of the same hogs. There were demurrers to counts 7, 8, 9, and 10 of the amended complaint, which were by the court overruled. What we may say as to the counts claiming as for a breach of warranty can be based upon a consideration of count 8, which is here set out as follows:

"The plaintiff claims of the defendants the further and additional sum of $300 for that on or about the 20th day of January, 1925, the defendants sold to the plaintiff 24 head of hogs and represented unto the plaintiff that said hogs were well and sound, and plaintiff avers that said hogs were not well and sound, but were diseased or affected with a disease known as hog cholera. Plaintiff avers that as a result of said representation, which the plaintiff relied upon, the plaintiff placed the 24 head of hogs so purchased from the defendants into a common pasture wherein were contained a large number of hogs then owned by the plaintiff. Plaintiff avers that as a direct and proximate cause of the diseased condition of the hogs so purchased from the defendants that the hogs previously owned and contained in said pasture by the plaintiff contracted or were infected with the disease of hog cholera from the hogs purchased from the defendants and placed in said pasture. And the plaintiff avers that as a result of the hogs so purchased from the defendants being diseased, as aforesaid, and as a result of the hogs previously owned contracting said disease from said hogs purchased from the defendants, that 10 head of the hogs previously owned by the plaintiff died, to the damage of the plaintiff, as aforesaid."

It will be observed that the warranty alleged in the complaint is that, "The hogs were *well* and sound." The definition given in Webster's Dictionary of "well" is, "Being in health, sound in body and mind; not ailing, diseased, or sick; healthy." This is an allegation of a special warranty and carries with its breach not only general damages, which is the difference between the actual nature of the chattel and what it would have been worth if as warranted, but in addition thereto such consequential damages proximately growing out of the breach and reasonably within the contemplation of the parties to the contract at the time the sale of the hogs was made. Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4. There are some of the adjudicated cases, notably Joy v. Bitzer, 77 Iowa, 73, 41 N. W. 575, 3 L. R. A. 184, which hold that a general warranty as to soundness in the sale of animals carries with a breach, a liability for all consequential damages, proximately caused by the breach, whether the seller knew of the disease or not, but it seems to be the better rule and upheld by the weight of authority that, in order to charge a seller of animals with a breach of warranty authorizing a recovery for the consequential damages proximately growing out of the breach, it must be shown by the pleading that the seller warranted the animals to be sound and well; i. e., that they were free from disease, and it must also appear that the animals so bought were to be placed by the buyer with the other animals.

As in the case at bar, in order to charge defendant, who was the seller of 24 hogs to plaintiff, with damages growing out of the fact that the hogs at the time of sale were diseased in that they had cholera and that such disease was communicated to other hogs owned by plaintiff, by reason of which plaintiff's hogs died and they were thereby rendered valueless, it must be alleged in the complaint that defendant had warranted the hogs to be free from disease and that defendant knew that plaintiff would probably place them in such proximity to his other hogs as to render likely the communication of the disease to such other hogs of plaintiff.

As to the special warranty against disease, we think the plaintiff met the requirement when he alleged that defendant warranted the hogs sold to be well and sound. It was not necessary in a count for breach of warranty that it should be alleged

that plaintiff knew of the defect in the hogs. Being a latent defect, the special warranty as to health was designed to protect plaintiff against loss on that account and was within the contemplation of the parties at the time of the contract of sale. This would carry with a breach a recovery for the loss of the hogs purchased, as also any additional expense to which plaintiff may have been put in caring for and doctoring the hogs, etc. (24 R. C. L. 266, par. 545), but would not extend to loss of other hogs unless it was alleged and proved that defendant, at the time the sale was made, had knowledge the hogs purchased were to be placed by plaintiff with his other animals. Joy v. Bitzer, 77 Iowa, 73, 41 N. W. 575, 3 L. R. A. 184. In the case of Herring et al. v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4, the Chief Justice writing the opinion cites with approval cases which hold that where the animals are sold with a knowledge of the disease or where they are sold with fraudulent misrepresentation the damages recoverable may be augmented, but, where there is no fraud in the sale or knowledge on the part of the seller of the latent disease, the warranty as to soundness extends only to the animals themselves and damages incident to care, treatment, and the like, unless there are special circumstances alleged which will extend the recoverable damages, such as a knowledge that the animals bought were to be placed with other animals liable to become infected. This principle is recognized in Brown v. Edington, 2 Man. & Gran. 279; White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; 24 R. C. L. 266, at page 545; Weaver v. Penny, 17 Ill. App. 628; McCann v. Ullman, 109 Wis. 574, 85 N. W. 493; 34 L. R. A. (N. S.) page 699, note.

There are cases holding that a breach of express warranty as to health will entitle plaintiff to a recovery for loss caused by the spreading of disease to animals other than these infected at the time of sale, and it seems without allegation of knowledge on the part of the seller that the animals were to be placed in proximity to other animals not so infected, but we hold the reasonable rule to be that to hold the seller for this class of consequential damages, it must be alleged, in addition to the special warranty as to health, that the seller had knowledge of the placing of the animals with others, otherwise a damage arising from a breach would not be within the contemplation of the parties. While the foregoing is the law, the omission of the allegation as to knowledge on the part of the seller from the complaint in this case is not pointed out by demurrer and therefore cannot avail the appellant on this appeal. The grounds of demurrer assigned do not reach this point.

We see no such connection between 117 hogs bought by the witness Carlisle from defendants as would render relevant a certificate that the 117 hogs had been given anti-cholera serum, nor would that fact have shed any light upon the inquiry of a special warranty or fraudulent misrepresentation as to disease.

The question asked Dr. Gissendanner as to how far the germ of cholera could be blown by the wind was purely academic. The evidence here is that the hogs bought by plaintiff were put with his other hogs and only segregated after discovery that they were sick.

We find no error in the record, and the judgment is affirmed.

Affirmed.