MoIlvaine, C. J.
The exact question ,presented by this record, as we understand the bill of exceptions, arises upon the fact assumed in the request to charge and in the charge as given to the jury, that the wrongful acts of the defendants below, the railroad company and the transfer company, were not only concurrent in point. of time and place, but in such manner that the wrongful act of each was a direct and proximate course of the injury complained of by the plaintiff ; and this being so, it matters not whether the act of each, without the concurrence of the other, would have .produced the injury, or, that the negligence of neither would have caused it without such concurrence ; so that upon general principles and reason both or either ought to make compensation therefor. The general rule undoubtedly is, that where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefor jointly or severally. To this general rule of liability, whether joint or several, there is an exception, howevei’, based upon reasons as sound as is the rule itself, namely : that where the injured party, by his own negligence or wrongful act, contributes to his own injury, the law will not afford him a remedy against *91 all or any of the persons whose wrongful acts, in connection with his own, produced the injury. But the case before us does not come within the exception above stated, for the reason that it is here admitted by the pleadings, that the plaintiff below was w%faot without fault on his part. It is contended, however, by the plaintiff in error, that the plaintiff below was so identified with or related to the railroad company by the contract for carriage, that the fault of the carrier must be imputed to him as passenger.
The imputation thus contended for, however, is not based upon any alleged fault of the plaintiff below in entering into the contract for carriage with the railroad company; for there is not even a suggestion that the . contract was one which a reasonably prudent man would not have made; but simply 'upon the ground that the plaintiff below was a passenger upon the car of the company at the time when an act of carelessness, contributing to his injury, was committed by one of the company’s servants, namely: the driver of the car.
If the driver could, in any just sense, be regarded as the agent or servant of the passenger, or if the railroad company, whose servant the driver was, had been, under the contract, subject to the direction or control of the passenger, then, with some show of reason, it might be said that the passenger was responsible for the negligence of the driver.
But such was not the nature of the contract. The passenger was, it is true, entitled to a seat in the company’s car; but -was not entitled to direct or control the time or manner of its movement. That the company was bound to exercise the highest degree of care to the end that the passenger might be safely carried, is true ; but it was not subject to the direction or control of the passenger, either as to employment of servants or as to the manner in which the service should be performed. It seems to us, therefore, that the negligence of the •company or of its servants should not be imputed to the passengc,", .where such negligence contributes to his injury jointly with the negligence of a third party, any more than it should be so imputed, where the negligence of the company or its servants was the sole cause of the injury. Indeed, it seems as in *92 credible to my mind that the right of a passenger to redress against a stranger for an injury, caused directly and proximately by the latter’s negligence, should be denied, on the ground that the negligence of his carrier contributed to his injury, he being without fault himself, as it would be to hold such passenger responsible for the negligence of his carrier, whereby an injury was inflicted upon a stranger. And of the last proposition, it is enough to say that it is simply absurd.
While we acknowledge the high authority of cases holding views contrary to those above expressed (Thorogood v. Bryan, 8 Com. Bench, 115; Armstrong v. Lancashire Railway Co., 10 Exch. Law R. Series, 47, and Lockhardt v. Lichtenthaler, 46 Pa. St. 151), we find, on the other hand, many cases of equally high standing holding, and, we think, with better reason, that the negligence of the carrying company cannot be imputed to a passenger who is rightfully on its train,- and who is guilty personally of no fault or negligence, in an action by such passenger against another party, whoso negligence has contributed directly to his injury. Chapman v. New Haven R. R. Co., 19 N. Y. 341; Colegrove v. N. Y. & N. H. R. R. Co., 20 N. Y. 492; Bennett v. N. J. R. R. Co., 36 N. J. 225; 1 Smith Lead. Cas. 450, 6 Am. Ed.; 43 Wis. 513 ; 14 Minn. 81; 11 Allen, 500; 50 N. H. 420.
We are also aware that by an almost unbroken line of decisions it is held that the negligence of a common carrier of goods, contributing to the injury of such goods while in its possession, is a good defense to an action by the owner of the goods against a third person whose negligence also contributed to the injury.
Whether these decisions conflict with the doctrine announced in this case depends entirely on the question whether or not a distinction, on principle, can be made between cases of carriers of goods and carriers of passengers. That there is a marked distinction between the relations of the parties to these different contracts is quite certain. The common carrier of goods has actual possession of and absolute control over them, and is ah insurer against loss or damage, except when occasioned by the act of Grod or a public enemy; while the carrier of passen *93 gers is only bound to the exercise of care; so that, in case of injury to a passenger over whose conduct the «arrier has no physical control, his own misconduct bars his remedy, whether the injury was caused by the concurring negligence of the carrier or the joint negligence of the carrier and others ; but in the case of goods, where the thing carried is incapable of contributory negligence, the law requires its safety to be insured. Now it may be that public policy, in the interest of trade and commerce, will not permit the liability of the carrier, who has failed in his duty in relation to goods, to be shifted to another, either with or without the consent of the owner; and, therefore, it may be that the law, in such case, requires the owner to seek redress from the carrier alone. But, however this may be, we are unanimous in the opinion that for a personal injhry to a passenger, who is himself without fault, occasioned by the joint and concurring negligence of the earner and another person, there is no sound principle of law which precludes the injured party from seeking redress from both or either of the wrong-doers.

Judgment affirmed.