<hr />

SKINN *v.* REUTTER.

1. TORTS—INTERVENING ACT OF THIRD PARTY—DAMAGES.

A person who sold hogs to a dealer, knowing them to be afflicted with a dangerous and infectious disease, was liable to one who purchased them of the dealer, and placed them with other hogs, for the value not only of the hogs purchased, but also of those which died from the contagion, where neither the original nor subsequent purchaser knew or had notice of their diseased condition.

2. SAME—ACT DANGEROUS TO HUMAN LIFE.

A tort feasor cannot escape liability because the act of an innocent third party intervened between his wrong and plaintiff's injury, where the wrong committed was one imminently dangerous to human life.

Error to Ingham; Wiest, J. Submitted June 10, 1903. (Docket No. 59.) Decided November 17, 1903.

Case by Joseph Skinn and another against Gottlieb Reutter and another for selling certain diseased hogs. From a judgment for defendants on verdict directed by the court, plaintiffs bring error. Reversed.

*Black & Dolan*, for appellants.

*L. B. & H. M. Gardner*, for appellees.

CARPENTER, J. The declaration in this case alleges that defendants unlawfully sold certain hogs to a firm of live-stock dealers, knowing that said hogs were "afflicted

with a dangerous and infectious disease;" that they did not notify said firm of this fact; that said firm, in ignorance of the fact that said hogs were so infected, sold and delivered them to plaintiffs, who, without negligence on their part, placed them in a pen with their sound swine, which contracted the disease and died. The defendants pleaded the general issue. The case came on for trial before a jury, and, after the plaintiffs had introduced some testimony, and offered to prove that the intervening purchasers "were without knowledge of any diseased condition of the hogs, and that there were no facts or circumstances that would have put them upon such notice," the trial court directed a verdict for the defendants upon the ground that the plaintiffs had no cause of action. The question in this case relates solely to the correctness of this ruling.

It is the contention of the defendants' counsel, and it was the view of the trial court, that there could be no recovery, because the act of a third person intervened between defendants' wrong and plaintiffs' injury. Is such intervention a sufficient defense? In considering this question it should be remembered that plaintiffs' claim is not based upon the ground of a breach of defendants' contract with the firm to whom they sold the hogs. It is based upon the theory that defendants committed a wrong in selling, as sound, hogs which they knew to be afflicted with a contagious disorder. Nor should we forget that the act of the intervening third person was in no sense wrongful; because, as already stated, plaintiffs offered to prove that the intervening purchasers "were without knowledge of any diseased condition of the hogs, and that there were no facts or circumstances that would have put them upon notice." We cannot, therefore, apply in this case the rule often stated in text-books and decisions, that one is not responsible for consequences resulting from the wrongful act of another person. *Griffin* v. *Jackson Light & Power Co.*, 128 Mich. 653 (87 N. W. 888, 55 L. R. A. 318, 92 Am. St. Rep. 496).

But it cannot be said that there is a general rule of law which exempts one from the consequences of a wrong merely because between the wrong and its consequences there intervenes an innocent human agency. It is true that many acts are wrong simply because they violate a duty to a particular person. If, for instance, the defendants in this suit had misrepresented to the purchasers the weight or breeding of these hogs, they would have incurred a liability only to those purchasers. See *Necker* v. *Harvey*, 49 Mich. 517 (14 N. W. 503). In such cases the wrong-doer is not liable for damages sustained by a third person; not because there intervenes a human agency between the wrong and the damages, but because the third person was in no sense wronged, or, for another and quite as correct reason, because the damages did not result from the wrong. On the other hand, there are wrongs naturally calculated, through the intervention of an innocent human agency, to injure third persons. In such cases both reason and authority hold the wrong-doer responsible for such injuries. The case of *Craft* v. *Parker, Webb & Co.*, 96 Mich. 245 (55 N. W. 812, 21 L. R. A. 139), is such a case. There the defendant, which was engaged in the business of selling meats in the city of Detroit, sold plaintiff's brother a roll of spiced bacon. The purchaser took it to the plaintiff's house, where he boarded, and plaintiff's wife cooked it for breakfast. The bacon was in fact spoiled, and unfit for food, and made plaintiff sick. On the assumption that defendant knew that the meat was purchased for consumption, and was negligent in selling it, it was held that plaintiff had a cause of action. See, also, *Brown* v. *Marshall*, 47 Mich. 576 (11 N. W. 392, 41 Am. Rep. 728); *Thomas* v. *Winchester*, 6 N. Y. 397 (57 Am. Dec. 455); *The Nitroglycerine Case*, 15 Wall. 524; *Griggs* v. *Fleckenstein*, 14 Minn. 81 (100 Am. Dec. 199).

In *Filer* v. *Smith*, 96 Mich. 355 (55 N. W. 1002, 35 Am. St. Rep. 603), this court, speaking through Mr. Justice McGRATH, said:

"The general rule of law is that whoever does an illegal or wrongful act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately brought about by intervening agents, provided such agents were set in motion by the primary wrong-doer, or provided those acts causing the damage were the necessary or legal and natural consequence of the wrongful act."

Assuming, as contended by defendants (see, also, *Thomas* v. *Winchester*, 6 N. Y., at p. 410), that the principle which holds a wrong-doer liable for consequences, though human agencies intervene between the wrong and those consequences, applies only when the wrong committed is one imminently dangerous to human life, it is nevertheless applicable in this case. Defendants, in selling hogs known to be infected with a dangerous and infectious disease, committed a wrong imminently dangerous to human life (in recognition of this fact our legislature has made such sale a crime; see section 5638, 2 Comp. Laws); and it is settled (see *Griggs* v. *Fleckenstein, supra*) that, when one commits a wrong imminently dangerous to human life, the principle under consideration extends his liability to damages to property.

Were the damages sustained by plaintiffs a legal consequence of defendants' wrong? The rule by which it is to be determined whether or not a particular consequence results from a certain wrong, is a subject of dispute. It has been held that the wrong-doer is responsible for all consequences naturally resulting from his wrong, whether he could have anticipated those consequences or not. 1 Suth. Dam. § 16; Whart. Neg. § 77; *Stevens* v. *Dudley*, 56 Vt. 158. On the other hand, it is held that his responsibility is limited to such consequences as a person of average intelligence and knowledge should have anticipated. Pollock, Torts, p. 28. As the application ·in this case of either rule leads to the same result, it is unnecessary to determine which is correct. As a natural result of the wrong done by defendants, the persons to whom they sold

the hogs did, in ignorance of their condition, sell them to plaintiffs, and plaintiffs, relying upon their appearance, and without negligence, placed them where their other hogs became infected and died. The damage to plaintiffs was a consequence which defendants, as persons of average intelligence and knowledge, should have anticipated. They should have supposed either that the purchasers would themselves butcher these hogs, or that they would sell them to some person who would treat them as they appeared to be.

If we are right in the foregoing views, plaintiffs, if they establish their case as made in their declaration and opening statement, are entitled to recover from the defendants sufficient to compensate them for all the damages resulting to them from defendants' wrong. These damages include not only the value of the hogs purchased, but the value of those which contracted the contagion and died. See *Eaton* v. *Winnie*, 20 Mich. 156 (4 Am. Rep. 377).

It results from these views that the judgment of the court below should be reversed, and a new trial granted.

The other Justices concurred.