Argued July 13, affirmed October 19, 1921.

## GARY COAST AGENCY, INC., v. LAWREY.

(201 Pac. 214.)

**Appeal and Error—Where Statutory Procedure is not Followed in Settling a Disputed Matter in Bill of Exceptions, the Appellate Court is Bound by the Bill as Sent Up.**

1. Where the procedure of Section 170, Or. L., for settling the bill of exceptions in case of disagreement between the judge and counsel as to its contents, involving calling of disinterested parties to make oath as to what actually occurred, was not followed, the appellate court is bound by the bill of exceptions as sent up.

**Action—Plaintiff may not Join Tort and Contract.**

2. A plaintiff may not join a tort and contract in the same action.

**Pleading—Counterclaim Based on Fraud and Breach of Warranty may be Set Up if not Inconsistent With Each Other.**

3. Under Section 73, Or. L., providing that a defendant may interpose as a defense a statement of any new matter constituting a defense or counterclaim, and Section 74, providing that he may set forth by answer as many counterclaims as he may have, different counterclaims, if consistent, may be set up in defense though based on fraud and breach of warranty.

**Pleading—Counterclaims for Fraud and Breach of Warranty Held not Inconsistent.**

4. In an action upon a note to pay for a motor-truck, defenses of fraud and breach of warranty are not necessarily inconsistent with each other.

**Pleading—Where Answer was not Attacked for Failure to State Defenses of Fraud and Breach of Warranty Separately, it must be Liberally Construed on Appeal.**

5. In an action on a note to pay for a motor-truck, where defendant set up a counterclaim of fraud and breach of warranty, but plaintiff did not attack the answer because it did not allege

these defenses separately the allegations of the answer must be liberally construed on appeal under Section 85, Or. L., requiring pleadings to be construed liberally with the view of substantial justice.

### Pleading — Failure to Demur to Counterclaim Because It Did not Separately State Defenses of Contract and Tort in Counterclaim Waives the Defect.

6.  Under Section 68, Or. L., making a ground of demurrer that several causes of action have been improperly united, and under Section 72, providing that if no objection is taken by demurrer or answer it shall be deemed to be waived, excepting only the objection to jurisdiction and failure to state a cause of action, failure of plaintiff to demur to counterclaim because it did not separately allege fraud and breach of warranty waives the defect, if any.

### Sales—Warranty of Suitability Implied.

7.  A purchaser, contracting for truck for a use explained to the vendor, was entitled to that quality of truck under an implied warranty.

### Sales—One Fraudulently Induced to Contract may Return Property and Sue for Price, or Keep Property and Recoup Damages.

8.  A person induced by fraud to enter a contract of purchase, on discovery of fraud, may return the property and sue for the price, or keep the property and recoup the damages he has sustained when sued for the purchase price.

### Sales—On Breach of Warranty, Purchaser may Sue for Breach or Counterclaim When Sued for Purchase Price.

9.  A purchaser of an article warranted to him, either expressly or impliedly, may sue for a breach of warranty, or set up a counterclaim based on that breach when sued for the purchase price.

### Sales—Purchaser Does not Waive Right to Recoup for Damages by Making Payments After Knowledge of Unfitness of Thing Sold.

10.  Where a purchaser seeks by counterclaim to recoup for damages for fraud and breach of implied warranty, the rule as to waiver of right to rescind by making payments after knowledge of the unfitness of the article sold does not apply.

### Sales—Purchaser is not Limited in Recovery to Amount of Purchase Price Paid as Damages for Fraud and Breach of Implied Warranty.

11.  A purchaser, counterclaiming for damages for fraud and breach of implied warranty, is not limited in recovery to the amount of the price paid.

From Marion: GEORGE G. BINGHAM, Judge.

---

7.  When warranty of quality implied, see notes in 55 **Am. Dec.** 328; 102 **Am. St. Rep.** 607.
8.  Remedies of vendee for breach of warranty of quality, see note in 54 **Am. Dec.** 146.

Department 1.

This is an action brought by the plaintiff on a note for $233. After denying everything in the complaint except as stated in the answer, the defendant contends that the note was given in part payment of the initial installment demanded by the plaintiff as part of the purchase price of a motor-truck. He says in substance that he purchased the truck from the plaintiff for the purpose, well known to the latter, of using it in the dray and transfer business operated by the defendant; that the plaintiff warranted the truck to be suitable for that purpose; that for the purpose of inducing the defendant to purchase the truck, the plaintiff represented that it was practically new and had been run only for a short time; that the defendant relied on the representations and believed them to be true; that the plaintiff knew they were false and made them to induce the defendant to purchase the truck, and with the intent and design to defraud the defendant out of the purchase price; and that in fact the truck was old and worn and not suitable for the purpose for which it was bought. It is further stated that before the institution of the action, the defendant tendered the truck to the plaintiff, assigning as a reason the misrepresentations already stated, but the plaintiff refused to receive it or to return the money paid therefor. The defendant demands judgment for all the money he has paid on the truck. The reply puts in issue material parts of the answer and sets up a conditional sales contract for the purchase of the truck, the title of which was to remain in the plaintiff until all of the payments had been made. As to the $233 note, the reply avers in substance that it was for money loaned by the plaintiff to the de-

fendant and had nothing to do with the transaction concerning the sale of the truck. As a waiver of defenses against the note, it is averred in effect that the defendant took the truck, operated it and paid two installments on the purchase price, with full knowledge of the alleged defects in the truck. A jury trial resulted in a verdict and a consequent judgment in favor of the defendant, for $475, and the plaintiff appeals.                                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Will H. Masters.*

For respondent there was a brief and an oral argument by *Mr. Custer E. Ross.*

BURNETT, C. J.—1. It is contended that the court changed the transcript of testimony so as to render futile the motion of the plaintiff to require the defendant to elect whether he was defending on the ground of fraud or breach of warranty. The bill of exceptions appearing in the record is to the effect that after the jury was impaneled, the attorney for plaintiff moved that the defendant state upon what theory he elected to proceed, and that the attorney for the defendant said, "This will be on the basis of a defense at law of fraud and deceit and breach of warranty." No ruling of the court was called for, and none was made. The contention is, that the court was in error in permitting the bill of exceptions to show that the words "and breach of warranty" were used in the statement of the defendant's counsel. A procedure is set down in Section 170, Or. L., for settling a bill of exceptions in case the judge and counsel do not agree as to the legitimate contents

thereof, involving the calling of disinterested persons to make oath as to what actually occurred, etc. Nothing of the kind appears in the record here, and hence we must be bound by the bill of exceptions as sent up. Under the circumstances it imports absolute verity. The result is, that the matter is to be determined here as to whether fraud was perpetrated, and as to whether there was a breach of warranty concerning the quality of the machine.

2, 3. It is urged in the brief for the plaintiff that, "appellant [defendant] cannot join a cause of action *ex delicto* with a cause of action *ex contractu,* because they are inconsistent," citing authorities. A fair sample of these precedents is *Miller* v. *Hirschberg,* 27 Or. 522 (40 Pac. 506). The doctrine of that case is, that one cannot allege a tort and prove a mere breach of contract. The question of misjoinder was not discussed. The other precedents cited under that point are substantially to the same effect. Practically, the defendant relies upon both fraud and breach of warranty. It may well be said that a plaintiff cannot join tort and contract in the same action. The defendant, however, under the provision of Section 73, Or. L., may interpose as a defense, "a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." Also, he "may set forth by answer as many counterclaims as he may have": Or. L., § 74. Of course, these different counterclaims must be consistent one with the other. They cannot be contradictory of each other. If it is possible, however, for both to be true, they both may be set up in defense.

4, 5. Section 74 defines counterclaims and requires that the defenses shall be separately stated. The defenses of fraud and breach of warranty are not neces-

sarily inconsistent with each other. In the present instance they are not separately stated, but no attack was made on the pleadings for that fault, and hence under Section 85, Or. L., we must liberally construe the allegations of the answer. The fault that they were not separately stated was not called to the attention of the court. Even conceding that the defendant in urging his counterclaim is in a sense a plaintiff, and that his answers are demurrable because he has not separately stated them, that defect has been waived by not demurring to the new matter in the answer.

6. Among grounds of demurrer specified in Section 68, Or. L., one is "that several causes of action have been improperly united"; and under Section 72 it is said:

"If no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action."

These two counterclaims, therefore, although mingled in statement, were properly before the court for consideration.

The defendant contends that he informed the plaintiff of the purpose for which the truck was to be used and that the plaintiff represented to him that it was fit for that purpose. It is argued on behalf of the plaintiff that "there is no implied warranty that an article will answer the purpose for which it is intended to be used, if an order is given for a specific article of a known and recognized kind and description." Among the precedents cited in support of that proposition is *Goulds* v. *Brophy,* 42 Minn. 109

(43 N. W. 834, 6 L. R. A. 392). That case involved a well-boring appliance. There was no complaint about the construction of the machine and it seems that it answered in every particular the description of it given by the seller. The rule stated in 1 Parsons on Contracts, 586, was cited approvingly in the opinion, thus:

"If a thing be ordered of a manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for that purpose. This principle * * must be limited to the cases where a thing is ordered for a special purpose, and not applied to those where a special thing is ordered, though this be intended for a special purpose."

7. In that case the defendant contracted for an auger to bore wells and got such an auger. Here, however, in this case there is evidence to the effect that the ordinary purpose for which the truck was to be used was hauling freight and that owing to defects in its construction, such as breakage of the frame and defective radiator, it would not perform what was reasonably required of it. There is enough in the testimony under the allegation of breach of warranty to go to the jury on the proposition that the truck was not reasonably fit for the purpose for which it was designed and purchased. It is true that if a man contracts for a spade and gets a spade, he is bound to pay for it, although he intended to use the spade for spreading paint. But for all this, it must be at least an ordinary, useful spade. If the defendant contracted for a truck reasonably suitable for a certain use explained to the plaintiff at the time, he was entitled to that quality of truck.

8. If one is induced by fraud to enter into a contract for the purchase of an article, on discovery of the fraud there are two methods of procedure open to him: (1) he may promptly return the property on such discovery, rescind the contract and sue for what he has paid; or (2) he may keep the property and recoup for the damages he has sustained, when sued for the purchase price; *Scott* v. *Walton*, 32 Or. 460 (52 Pac. 180).

9. If the property has been warranted to him either expressly or impliedly to be possessed of certain qualities which it does not have, he can bring an action for breach of warranty, or set up his counterclaim based on that breach, when sued for the purchase price, because it grows out of the same transaction. This is the position of the defendant here. He seeks to recover damages for the fraud in the difference in value of the machine as represented and what it actually was worth, as well as for breach of the implied warranty of fitness. There is evidence to go to the jury on both the tort and the breach of warranty, both of which are legitimate counterclaims in this action.

10, 11. The plaintiff contends in his brief that the defendant has waived his right to rescind by making payments after knowledge of the alleged fraud and unfitness of the truck; but the answer is based upon the theory of recouping for damages, and not upon rescission. There is no averment of demand for, or notice of rescission. The same may be said as to the point made by the plaintiff that the measure of damages on rescission is the amount of purchase price paid. In addition to that, on this contention the plaintiff is in no position to complain, for the verdict was for only $475, while it is conceded that much

more was paid on the contract price. The case framed by the pleadings is one in which the defendant on being sued for a note given as part of the purchase price of the truck has kept the machine and has counterclaimed for damages growing out of the transaction.

The judgment is affirmed.            AFFIRMED.

McBRIDE, BEAN and HARRIS, JJ., concur.