Argued October 6, affirmed November 10, rehearing denied December 30, 1925.

## M. CHRISTENSEN v. CLIFFORD REID.

(240 Pac. 1113; 241 Pac. 1009.)

**Appeal and Error—Admission of Testimony, Though Too Remote, not Reversible Error Where Merely Cumulative.**

1. In action for breach of warranty in sale of cows, where testimony of several witnesses that cattle bought at same sale from same herd were diseased was admitted to show that herd was infected, testimony of a witness that heifer bought at same auction had symptoms of disease, though too remote, was merely cumulative, and therefore not reversible error.

**Appeal and Error—Where No Ruling on Objection, if Made, Matters not Properly Presented for Review.**

2. Where attorney requested exception to remarks of counsel and court answered, "You may take an exception," but there was no ruling on objection, if made, such matter is not properly presented for review.

**Trial—Requested Instruction Properly Refused, Where Similar Instruction Given but Applied to Both Parties.**

3. In action for breach of warranty in sale of cows, requested instruction that, if plaintiff could prove allegations of complaint by stronger and more satisfactory evidence than that adduced, evidence should be viewed with distrust, was properly refused where court gave substantially same instruction but applied it to both parties.

Sales—Statement Guaranteeing Cows in Good Health and Free from Particular Disease Held Warranty.

4. In sale of cows, statement by seller that he would guarantee cows were in good health and free from particular disease was a statement of fact and a warranty.

Trial—Failure to Instruct as to Credit Allowed by Defendant Held not Error, Where Verdict Showed Such Allowance to have been Made and Instruction as Whole Correct.

5. In action for breach of warranty in sale of cows, failure to instruct jury as to amount of credit allowed defendant on note for purchase price was not error, where defendant set up counterclaim on note and from verdict of jury of $1,500 on $5,567 claim it was clear that jury allowed credit claimed, and instruction as a whole correctly informed jury proper method of ascertaining true damages.

### ON PETITION FOR REHEARING.

Sales — Evidence Held not Too Remote to Establish That Cattle Were Diseased at Time of Purchase.

6. In action for breach of warranty in sale of cows, evidence showing that defendant had disease on farm, which it was difficult to entirely eradicate, and fact that plaintiff had never had that disease on his farm prior to purchase of cows, *held* admissible; being not too remote, and tending directly to prove allegations that cows were diseased at time of sale.

---

Animals, 3 **C. J.**, p. 56, n. 56, 60.
Appeal and Error, 3 **C. J.**, p. 862, n. 21, p. 863, n. 27, p. 891, n. 24; 4 **C. J.**, p. 975, n. 88.
Sales, 35 Cyc., p. 368, n. 7, p. 374, n. 52, p. 388, n. 30, p. 461, n. 51, p. 464, n. 91.
Trial, 38 Cyc., p. 1351, n. 5; p. 1705, n. 82, p. 1711, n. 19.

From Marion: PERCY R. KELLY, Judge.

Department 1.

This is an action for damages for an alleged breach of warranty. The plaintiff purchased from the defendant four head of Guernsey cows at a public auction. The plaintiff alleges that the defendant warranted the cattle to be in good health and free from disease; that the plaintiff relied on that warranty; purchased the four cows; that said cows were infected with a disease commonly known as contagious abortion; that by reason of said breach of

warranty the plaintiff suffered damage. The defendant filed an answer of general denial and set up a counterclaim demanding judgment against the plaintiff for the amount of a note given in part payment for said cows. The reply admits the giving of the note. The issues were tried to a jury and the verdict returned in favor of plaintiff. The defendant appeals assigning errors in the admission of certain testimony over defendant's objection, improper remarks made by one of the attorneys for the plaintiff in his opening argument, giving certain instructions and refusing to give others requested by the defendant.                                        AFFIRMED.

For appellant there was a brief and oral argument by *Mr. W. C. Winslow.*

For respondent there was a brief over the names of *Messrs. Smith & Shields,* with an oral argument by *Mr. Guy O. Smith.*

COSHOW, J.—1. The assignments of error are sixteen in number. The first nine are based on alleged erroneous rulings of the court in admitting testimony. The tenth is based on the remarks of the attorney and the others on alleged erroneous instruction and failure to give requested instructions. It is not deemed necessary to dispose in detail of the assignments of error in regard to admitting the testimony. The contention of defendant is that the evidence objected to was not direct and specific, but was an attempt to prove plaintiff's cause by generalities. Only one ruling of the court is considered even doubtful. The testimony was given by C. E. Gale in behalf of the plaintiff to the effect that a heifer bought at the same

public auction and bred thereafter disclosed symptoms of having the disease referred to. This testimony was too remote, but all of the other witnesses testified to facts tending to show that cattle bought by them at the same public sale from the same herd were infected. The evidence is to the effect that the disease is both contagious and infectious. The evidence of the witnesses who bought at the same sale and from the same herd was admissible for the purpose of showing that the herd was infected. This may have been the very best evidence obtainable. For that reason the testimony of the witness, Gale, is not reversible error. It was merely cumulative and was to the same purport as the evidence given by the plaintiff and three other witnesses.

2. If the remarks of the attorney for plaintiff, in making the opening argument to the jury, were objectionable, the matter is not properly here for review. Following the remark the attorney for the defendant stated: "We want an exception to that." The court answered, "You may take an exception."

There was no ruling by the court on the objection, if one can be considered to have been made: *Gary Coast Agency, Inc.,* v. *Lawrey,* 101 Or. 623, 626 (201 Pac. 214). No request was made to instruct the jury regarding it. The remarks of the attorney for the plaintiff were regarding matters of fact. The court properly ruled that the jury must disregard all matters outside the record and stated:

"I do not want the jury to understand I am holding the evidence discloses the fact that all purchasers complained, or that it does not so disclose. That is for the jury to determine from the evidence on that phase of the case."

3, 4. Exception No. 12 is based upon the refusal of the court to give an instruction to the effect that if it was within the power of the plaintiff to prove the elements of his complaint, including the damages which he claims to have suffered, by stronger and more satisfactory evidence than that adduced, that the evidence adduced should be viewed with distrust. The court gave that instruction, substantially. The only difference between the instruction given by the court and that requested by the defendant is that the court applied the rule to both plaintiff and defendant. It was not error to refuse to give the instruction requested by the defendant. The other exceptions to the instructions given by the court are not well taken. The court correctly stated the law as to the effect of a warranty made by the seller to the buyer of personal property: *Feeney & Bremer Co.* v. *Stone*, 89 Or. 360 (171 Pac. 569, 174 Pac. 152). The expressed warranty relied upon by the plaintiff was made at the time of the sale. It was a statement of fact. The plaintiff testified that the defendant said he would guarantee that the cows were in good health and free from the disease of contagious abortion. This constituted a warranty by the defendant. The evidence discloses that the plaintiff relied upon that warranty in making the purchases.

5. These same instructions also correctly state the measure of damages. It appears that the certificate of registration of one of the cows purchased by the plaintiff could not be produced by the defendant. The plaintiff complained to the defendant on that account whereupon the defendant claims to have given the plaintiff credit on the note given by plaintiff for part of the purchase price of the cows. It is contended by

the defendant that the jury should have been instructed to deduct from the amount of damages they should find for the plaintiff the amount of $260 credited upon the note. Considering that the defendant set up a counterclaim and demanded judgment against the plaintiff for the amount of the note and that the court correctly instructed the jury upon the question of damages, it seems clear that the jury in awarding judgment to the plaintiff must have allowed the defendant credit for the $260 credit upon the note. The plaintiff claimed that he was damaged in the sum of $5,567. The verdict was for the sum of $1,500. While it would have been proper to have called attention to this item in his charge to the jury, it was not reversible error not to do so, because the instructions taken as a whole as given by the learned circuit judge correctly informed the jury the proper method of ascertaining the true amount of damages in case they should find for the plaintiff: 3 C. J. 56, § 157; 35 Cyc. 368d; McKelvey on Evidence (2 ed.), 171, § 103; 2 Sedgwick on Damages (9 ed.), 1612, § 769; 1 Thompson on Negligence, §§ 854, 920; *Skinn et al.* v. *Reutter et al.*, 135 Mich. 57 (97 N. W. 152, 106 Am. St. Rep. 384, 63 L. R. A. 743); *Joy* v. *Bitzer*, 77 Iowa, 73 (41 N. W. 575, 3 L. R. A. 184); *Morgan* v. *Bross*, 64 Or. 63 (189 Pac. 118); *Fitzhugh* v. *Nirschl*, 77 Or. 514 (151 Pac. 735).

The judgment is affirmed.                    AFFIRMED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.

Rehearing denied December 30, 1925.
ON PETITION FOR REHEARING.
(241 Pac. 1009.)

For the motion, *Mr. W. C. Winslow.*

*Contra, Messrs. Smith & Shields.*

COSHOW, J.—6. The appellant has presented a petition for a rehearing basing his grounds upon the alleged failure of the court to consider appellant's assignment of error No. 1; exception No. 5; general consideration of the objection to the testimony, and the alleged error in refusing to give a requested instruction. Referring to our opinion it will be observed that assignment of error No. 1 was considered in connection with other assignments of error very similar to if not identical with other assignments. The contention of the appellant is that the testimony of the plaintiff was introduced out of its proper order and was not thereafter supported by other testimony as plaintiff insisted would be done when objection was made to the introduction of the evidence objected to. In this we think the appellant is mistaken. The evidence referred to was offered to establish that the disease causing the damages was contracted on the farm of the defendant. There was evidence that the disease at one time existed on that farm; that when the disease once existed on a farm it was very difficult, if not impossible, to entirely eradicate it; that the plaintiff had never had that disease on his farm prior to the purchase of the four head of cows from the defendant and bringing them to his farm. The other witnesses in behalf of

the plaintiff testified to the same effect—that is, that they had never had the disease until after they had bought cattle from the defendant and placed them with their other stock. The appellant concedes that the order of proof is largely in the discretion of the trial judge. We think that the evidence adduced was admissible, not remote, tended directly to prove the allegations that the cattle were diseased at the time they were sold and caused the damage claimed by the plaintiff.

The only doubt we entertain about any of the testimony is in regard to the testimony of the witness, Gale. Gale did not purchase his heifer at the time of the sale at which the other witnesses had purchased. He purchased a virgin heifer. The testimony of the experts introduced was to the effect that a virgin heifer was rarely, if ever, afflicted with the disease; that the disease was not transmitted by a bull; that it developed either in the udder or pregnant uterus. That the Gale heifer was not bred until after she was taken from the farm of the defendant. These are our reasons for holding that his evidence was probably too remote. The argument of the defendant in his brief for a rehearing almost convinces us we were in error in holding it to be too remote. The disease might have been contracted by that heifer on the defendant's farm and remained dormant until she became pregnant. The other grounds presented in the petition for rehearing were sufficiently considered in our former opinion. The petition for rehearing is in reality a repetition of the arguments contained in appellant's brief and ably presented in his oral arguments. We adhere to our former opinion.

REHEARING DENIED.